UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-44-2-KAC-DCP |
| TERRENCE D. JOHNSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case is before the Court on Defendant Terrence Johnson's Motion to Review Appointment of Counsel [Doc. 37], filed on October 21, 2022. On November 16, 2022, the parties appeared before the Court for a motion hearing. Assistant United States Attorney Brent Jones was present representing the Government. Sarah H. Olesiuk of Federal Defender Services appeared along with Defendant Johnson. CJA Panel member Michael Cabage was also present at the Court's request.

Defendant Johnson made his Initial Appearance before this Court on June 9, 2022, at which time Federal Defender Olesiuk was appointed to represent Defendant [Docs. 22, 24]. On October 20, 2022, Defendant filed a pro se Motion to Terminate Counsel [Doc. 35]. In the motion, Defendant cites several of the Tennessee Rules of Professional Conduct that he believes Federal Defender Olesiuk violated during the course of her representation. The next day, Federal Defender Olesiuk filed the instant Motion to Review Appointment of Counsel [Doc. 37].[1] In the motion,

---

[1] The Court notes that when it receives a pro se motion to terminate counsel from a defendant, it often directs counsel for the defendant to confer with the defendant and either move to withdraw the motion or file a motion to review appointment of counsel. In this case, however, Federal Defender Olesiuk filed a motion to review appointment of counsel on her own accord.

defense counsel asks the Court to review Federal Defender Services' appointment of counsel in this case because Defendant Johnson filed the pro se motion.

At the hearing, AUSA Jones stated that there are outstanding drug testing results that prevent the parties from further working towards a resolution of the case at this time, but that he has had multiple discussions with Federal Defender Olesiuk and that she had done her due diligence from his perspective. The Court then moved into a sealed, *ex parte* inquiry with Defendant and defense counsel to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds that Federal Defender Olesiuk and Defendant Johnson have experienced a breakdown of trust in the attorney-client relationship—stemming in large part from Defendant asserting defense counsel violated several rules of professional conduct—that has compromised beyond repair Federal Defender Olesiuk's ability to render effective assistance of counsel should she remain on the case, but that the Court does not find to be defense counsel's fault. Accordingly, in light of the lack of trust and breakdown in relationship between Defendant and counsel, the Court finds that good cause exists to grant the present motion. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Motion to Review Appointment of Counsel [**Doc. 37**] is thereby **GRANTED** and Federal Defender Olesiuk is **RELIEVED** as counsel of record for Defendant.[2]

At the conclusion of the hearing, Attorney Michael Cabage agreed to accept representation of Defendant. Accordingly, the Court **SUBSTITUTES** and **APPOINTS** Attorney Cabage under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court directs

---

[2] The Court makes no findings as to Defendant's assertions that Federal Defender Olesiuk violated the Tennessee Rules of Professional Conduct during her representation of Defendant.

Federal Defender Olesiuk to provide the discovery and information from Defendant's file to new counsel.

As for Defendant Johnson's pro se Motion to Terminate Counsel [Doc. 35], the Local Rules of this Court prohibit a defendant from filing motions in his or her own behalf, when represented by counsel. *See* E.D. Tenn. L.R. 83.4(c). Since Defendant Johnson was represented by counsel at the time he filed his pro se motion, the Local Rules prohibit the Court from considering his motion. Furthermore, Federal Defender Olesiuk's filing of the Motion to Review Appointment of Counsel [Doc. 37] moots the motion. Defendant's pro se Motion to Terminate Counsel [**Doc. 35**] is therefore **DENIED**.

Accordingly, the Court **ORDERS** as follows:

(1) The Motion to Review Appointment of Counsel [**Doc. 37**] is **GRANTED**;

(2) Federal Defender Olesiuk is **RELIEVED** of her representation of Defendant Johnson and **DIRECTED** to provide the discovery and information from Defendant's file to new counsel;

(3) Attorney Michael Cabage is **SUBSTITUTED** and **APPOINTED** as Defendant Johnson's counsel of record under the CJA; and

(4) Defendant Johnson's pro se Motion to Terminate Counsel [**Doc. 35**] is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge