IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-44-KAC-DCP |
| | ) | |
| TERRENCE D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Terrence Johnson's pro se Motion to Appoint Counsel [Doc. 106] filed on July 29, 2024, pro se Motion to Appoint New Counsel [Doc. 110] filed on August 1, 2024, and Pro Se Motion to Proceed Pro Se [Doc. 115] filed on August 7, 2024, and the Motion to Appoint Counsel [Doc. 107], filed by Attorney Donny Young ("Attorney Young") on July 30, 2024. The District Judge referred these motions to the undersigned for determination or recommendation as appropriate [Docs. 109, 113, & 121]. The parties appeared before the Court for a hearing on the motion on August 14, 2024. Assistant United States Attorney Brent Jones appeared on behalf of the Government. Attorney Young appeared on behalf of Defendant, who was also present. CJA Panel Attorney Russell Greene was also present at the Court's request.

In his pro se filings, Defendant requests appointment of new counsel, asserting that he did not give Mr. Young consent to withdraw his pro se motions requesting to withdraw his guilty plea and proceed to trial [Doc. 106 pp. 1-2][1] and that "the [C]ourt should allow [him] to proceed to trial

---

[1] District Judge Crytzer previously directed Attorney Young to "(1) review Defendant's letters [Docs. 96, 100, 101], (2) consult with Defendant, and (3) determine whether to file a motion

with a new attorney because the facts of the case do[] not support a mandatory minimum sentence of 10-years" [Doc. 110 p. 1].  Defendant later asked that "[he] be allowed to proceed pro-se in [his] proceedings," stating "I[']m asking that Court not to appoint any attorney due to the fact that I want to represent myself and to proceed to trial" [Doc. 115 p. 1].  Attorney Young states that "Mr. Johnson believes that [he] has been ineffective in numerous ways," that "there has been a breakdown in communication," and that Defendant desires new counsel be appointed [Doc. 107 p. 1].

At the hearing, Attorney Young stated that there was nothing more he could share outside a sealed hearing concerning the basis for the motion, and AUSA Jones stated that the Government had no position on the instant motion.[2]

The Court then conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship.  Without going into the confidential nature of that discussion, the Court notes that both Attorney Young and Defendant responded to the Court's inquiries as reasonably necessary to satisfy the Court that there are sufficient grounds to warrant substitution of counsel based on a strained attorney-client relationship, suffering from a breakdown of communication and trust that has significantly

---

with respect to Defendant's legal argument in the letter" and to "file an appropriate substantive motion or motion to withdraw the pro se motions on or before August 1, 2024" [Doc. 103 pp. 1–2].  Attorney Young filed a Motion to Withdraw Documents 96, 100, and 101, noting he had communicated with Defendant regarding his pro se motions to withdraw his plea, he had reviewed Defendant's letters and determined "not to file a motion relative to defendant's legal assertions," and that it was his opinion "a motion to withdraw defendant's guilty plea would be frivolous" [Doc. 111 p. 1].  Attorney Young further noted "Defendant informed counsel that he opposed [him] withdrawing [Defendant's] pro se motions" [*Id.*].

[2]    AUSA Jones noted that the Government had filed a response in opposition [Doc. 97] to Defendant's pro se motion to withdraw his guilty plea [Doc. 96].

impaired Attorney Young's ability to continue to defend Defendant Johnson and to render effective assistance of counsel.[3] The Court further notes that Defendant confirmed that he wished to have new counsel appointed rather than to proceed pro se. Accordingly, the Court finds that good cause exists to grant Attorney Young's request to withdraw and to substitute counsel. *See United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (requiring a defendant to show good cause for substitution of counsel (citations omitted)).

Based upon good cause shown, the Motion to Review Appointment of Counsel [Doc. 107] is **GRANTED**. Attorney Young is relieved as counsel of record for Defendant Johnson and Attorney Young is **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. The Court recognizes the need for Defendant to be represented continuously by counsel, and Defendant agreed that he would rather be represented by counsel than represent himself. Attorney Greene was present at the hearing and agreed to accept representation of Defendant. The Court **SUBSTITUTES** and **APPOINTS** Attorney Greene under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant. Defendant is encouraged to make every effort to work with Attorney Greene through the remainder of his case.

As for Defendant's pro se Motion to Appoint Counsel [Doc. 106] and pro se Motion to Appoint New Counsel [Doc. 110], Attorney Young's filing of the Motion to Appoint Counsel [Doc. 107] moots the motions.[4] Defendant's request for appointment of counsel at the hearing likewise renders his Pro Se Motion to Proceed Pro Se [Doc. 115] moot.

---

[3] The Court makes no finding that Attorney Young has rendered ineffective assistance of counsel—only that his ability to render effective assistance is compromised due to the breakdown in communication and trust.

[4] The Court notes that the Local Rules of this Court prohibit a defendant from filing motions in his or her own behalf, when represented by counsel. *See* E.D. Tenn. L.R. 83.4(c).

3

Accordingly, it is **ORDERED**:

(1) The Motion to Appoint Counsel [**Doc. 107**] is **GRANTED**;

(2) Attorney Young is **RELIEVED** of further representation of Defendant, and Attorney Young is **DIRECTED** to provide new counsel with the discovery and information from Defendant's file;

(3) Attorney Greene is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record under the CJA;

(4) Defendant's pro se Motion to Appoint Counsel [**Doc. 106**], pro se Motion to Appoint New Counsel [**Doc. 110**], and Pro Se Motion to Proceed Pro Se [**Doc. 115**] are **DENIED AS MOOT**;

(5) The Government is **ORDERED** to provide new counsel with a copy of the discovery in this case on or before **August 22, 2024**; and

(6) Defendant Johnson's sentencing hearing before District Judge Crytzer remains set for **August 29, 2024, at 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge