IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-44-KAC-DCP |
| | ) | |
| TERRENCE D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties came before the undersigned on February 25, 2025, for a motion hearing on the Motion to Withdraw as Counsel [Doc. 152], filed by court-appointed counsel Attorney Russell T. Greene on February 10, 2025, and referred [Doc. 153] to the undersigned on the following day. Assistant United States Attorney Caroline Poore appeared on behalf of the Government. Attorney Greene appeared with Defendant Johnson. Attorney Mark Brown, a CJA Panel member, also appeared at the Court's request.

The Court substituted Mr. Greene as Defendant Johnson's counsel of record on August 15, 2024 [Doc. 125]. In the instant motion, Mr. Greene states that he is Defendant's fourth appointed attorney.[1] He represents that there is a breakdown in the attorney-client relationship and that they have reached an ethical impasse. Mr. Greene requested a sealed hearing for the Court to hear Defendant's position. AUSA Poore took no position concerning the motion.

---

[1] The Court initially appointed Assistant Federal Defender Sarah H. Olesiuk and the Federal Defender Services of Eastern Tennessee [Doc. 24]. On November 18, 2022, the Court substituted Attorney Michael Cabage as Defendant's counsel [Doc. 41]. On September 26, 2023, Attorney Donny Young was substituted for Mr. Cabage [Doc. 73]. On August 15, 2024, the undersigned substituted Mr. Greene for Mr. Young [Doc. 125].

The Court conducted a sealed, *ex parte* session to better understand the attorney-client relationship.[2] During that exchange, Defendant expressed the desire to represent himself rather than request appointment of substitute counsel. After additional discussion and inquiry, the Court took a recess to allow Defendant time to meet with Mr. Greene and to further consider his request of self-representation.[3] Following the recess, Defendant confirmed that he still wants to represent himself. Following the Government's return and with the hearing unsealed, the Court advised Defendant Johnson of the risks and perils of self-representation, using the litany provided in *United States v. McDowell*, 814 F.3d 245, 251 (6th Cir. 1987) and the *Bench Book for United States District Judges* 1.02(C) (5th ed. 2007). The Court finds that Defendant Johnson has not formally studied law, but represented that he has read some case law. He has never represented himself in a criminal case. AUSA Poore reviewed the charges and potential penalties. Defendant Johnson said he understood the charges against him and is aware of the potential penalties. Defendant said he was not familiar with either the Federal Rules of Evidence or the Federal Rules of Criminal Procedure. The Court reviewed with him that these rules control the proper procedure that must be followed in his case and instructed that no leniency of these rules will be given because of his self-represented status, which Defendant acknowledged. In light of the potential penalties he is facing as well as the difficulties of self-representation, Defendant unequivocally affirmed that he still wanted to represent himself.

Based upon the Defendant's answers to the *McDowell* questions and the discussion during the *ex parte* portion of the hearing, the Court finds that the Defendant knowingly and voluntarily

---

[2] Mr. Greene did not object to Mr. Brown attending the sealed portion of the hearing.

[3] The Court also offered to continue the hearing one week to allow Defendant additional time to consider his request of self-representation, which he declined.

waives his right to counsel. *See Faretta v. California*, 422 U.S. 806, 835 (1975) (holding that a criminal defendant may represent himself, if his decision to do so is voluntary and intelligent). Mr. Greene is **RELIEVED** of his representation of Defendant Johnson, who is permitted to represent himself.

The Court next considered the appointment of standby or elbow counsel in this case. The appointment of elbow counsel does not violate a defendant's right to represent him- or herself. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta*, 422 U.S. at 834 n.36 (1975). The court may appoint standby counsel to help the defendant and to represent the defendant if self-representation must be terminated. *Id.* Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Wiggins*, 465 U.S. at 178. Elbow counsel can "assist[] the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete" and can help "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. The Court also observes that the appointment of elbow counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." *Id.* at 184. Mr. Greene confirmed that Defendant Johnson would accept him as elbow counsel and stated he did not feel that the issues in the relationship which led him to file the motion to withdraw would hinder or prevent him from serving as elbow counsel.

3

With these principles in mind, the Court finds the appointment of elbow counsel in this case to be appropriate. The Court also finds that Mr. Greene is particularly suited to serve as elbow counsel, because he is already familiar with the case. The Court **APPOINTS** Mr. Russell T. Greene to serve as elbow counsel for Defendant Johnson. To the extent possible, Mr. Greene shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. Mr. Greene should help the Defendant overcome routine procedural or evidentiary obstacles to completing a specific desired task, like the introduction of evidence or the objection to testimony. Mr. Greene may also, upon the Defendant's request, provide technical assistance in presenting his arguments and preserving the record for appeal. Mr. Greene may assist Defendant with electronic filing, if needed.

In summary, the Court finds that Defendant Johnson knowingly and voluntarily chooses to represent himself in this case and that Mr. Greene shall serve as elbow counsel. Based upon these findings, the Court **ORDERS** as follows:

(1) The Motion to Withdraw as Counsel [**Doc. 152**] is **GRANTED**;

(2) The Court finds Defendant Johnson has knowingly and voluntarily waived his right to counsel. Defendant Johnson's request to represent himself is **GRANTED**;

(3) Attorney Russell T. Greene is **RELIEVED** of his representation of Defendant Johnson. Mr. Greene is **APPOINTED** as elbow counsel for Defendant Johnson pursuant to the CJA; and

(4) Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Johnson at his place of detention.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

4

Case 3:22-cr-00044-KAC-DCP   Document 155   Filed 02/26/25   Page 4 of 4   PageID #: 812