UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.:  3:22-CR-44-KAC-DCP-2 |
| ) | |
| TERRENCE D. JOHNSON ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

This criminal case is before the Court on Defendant Terrence D. Johnson's (2) counseled "Motion to Withdraw Guilty Plea" [Doc. 146]. Because Defendant fails to establish a fair and just reason to justify withdrawal of his guilty plea, the Court **DENIES** the Motion.

**I.     Background**

On May 4, 2022 a grand jury indicted Defendant for (1) conspiring to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); (2) possession with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); (3) possession of firearms in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) [*See* Doc. 11, *sealed]. On March 12, 2024 Defendant entered into a plea agreement [Doc. 87]. In his plea agreement, Defendant agreed that (1) he conspired to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count One) and (2) that he possessed firearms in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). [Doc. 87 ¶ 1]. And he "agree[d] and stipulate[d] to" facts sufficient to satisfy the elements of both offenses [*Id.* ¶¶ 3, 4].

On March 28, 2024, the Court conducted a thorough change of plea hearing [Doc. 91]. Under oath, Defendant affirmed that he understood (1) each of the charges against him, (2) the elements of each charge, (3) the terms of his plea agreement, (4) the potential penalties for each of the charges, and (5) his Constitutional rights, including the right to persist in his not guilty plea [*See* Doc. 91]. While still under oath, he agreed with "all of the facts outlined" in his plea agreement and the factual basis recited by the United States. Defendant was deliberate in his consideration of each question from the Court.

Ultimately, he pled guilty to Count One conspiring to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); and Count Three possession of firearms in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c) [*See* Doc. 91]. After thorough advising and questioning under Rule 11, the Court assessed Defendant's appearance and responsiveness and concluded that Defendant offered to plead guilty knowingly and voluntarily. The Court accepted Defendant's guilty plea and adjudged him guilty of Counts One and Three.

Thereafter, Defendant filed various pro se requests to withdraw his guilty plea, which he ultimately withdrew upon consultation with counsel [*See* Docs. 96, 100, 101, 118]. But, on December 19, 2024, after Defendant acquired new counsel, he filed the instant Motion, asserting that (1) he attempted to withdraw his guilty plea "[t]wo weeks after the entry of his plea" because "it was not knowing[] and voluntary," and (2) he maintains that position [*See* Doc. 146 at 1-2]. The United States opposes, arguing that Defendant has failed to demonstrate a fair and just reason to permit him to withdraw his guilty plea [*See* Doc. 147]. The Court agrees.

## II. Analysis

After the Court accepts a guilty plea, but before a sentence is imposed, a defendant may withdraw his plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Defendant bears the burden of showing that "proper grounds exist" to withdraw a guilty plea. *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007). The Court evaluates several factors when considering whether to set aside a guilty plea, including:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Benton*, 669 F.3d 723, 727 (6th Cir. 2011) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)) (superseded by statute on other grounds); *see also United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006). Rule 11(d) allows the Court to "undo a plea that was unknowingly made at the time it was entered." *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)). But it does not allow "a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Ellis*, 470 F.3d at 280-81. Rather, withdrawal of a plea is appropriate if a defendant "has real confusion or misunderstanding of the terms of the agreement." *Ellis*, 470 F.3d at 281. If a plea is "entered knowingly and voluntarily, 'the occasion for setting aside a guilty plea should seldom arise.'" *United States v. Williams*, 852 F. App'x 992, 995 (6th Cir. 2021) (quoting *Ellis*, 470 F.3d at 280).

Here, Defendant pled guilty to Counts One and Three knowingly and voluntarily, and he presents no fair and just reason to permit him to withdraw his guilty plea. ***First***, the amount of

3

time between the guilty plea and filing of a motion to withdraw weighs against him. After Defendant pled guilty, he waited twenty-two (22) days before filing his first pro se motion to withdraw [*See* Doc. 96]. And he withdrew that request upon consultation with counsel [*See* Doc. 118]. Defendant filed the instant Motion nearly nine (9) months after he pled guilty [*See* Docs. 91, 146]. Even looking at Defendant's procedurally-improper first pro se motion to withdraw, his significant delay in filing weighs against him. *See United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (citing with approval language stating that a twenty-two-day delay supported the United States); *see also United States v. Powell*, 236 F. App'x 194, 197 (6th Cir. 2007) (affirming the denial of a motion filed with a six-day delay); *United States v. Rankin,* No. 95-3112, 1996 WL 464982, at *3 (6th Cir. Aug.14, 1996) (affirming the denial of a motion filed with a three-day delay). His nine-month delay in filing the instant Motion only emphasizes the point.

**Second**, looking at any assertion of innocence, the record reveals no just reason for withdrawal. For the first time, Defendant now claims he is innocent [*See* Doc. 146 at 3-4]. He disclaimed innocence in his plea agreement and at his change of plea hearing, and even his prior pro se motions did not assert his innocence [*See* Docs. 96, 100, 101]. Instead he argued about the determination of the drug amount attributable to him [*See id.*]. This is hardly the vigorous and repeated professions of innocence that Rule 11 protects. *See United States v. Alexander*, 946 F.2d 1002, 1004 (6th Cir. 1991).

**Third**, the circumstances underlying the entry of the guilty plea do not support withdrawal. Defendant now claims that he (1) "was having problems communicating with his counsel" when he entered his plea agreement, (2) "didn't understand" the plea agreement, and (3) "felt pressured into signing the agreement" [*See* Doc. 146 at 4]. But under oath at his change of plea hearing, he affirmed that (1) he understood the nature and meaning of each of the charges against him and the

4

elements of each charge and (2) he understood the terms of the plea agreement, and (3) no "person, including an officer or agent of the Government, put any pressure on [him] mentally or physically to force [him] to plead guilty" [*See id.*]. Under oath at the hearing, Defendant did not hesitate or waver [*See* Doc. 91]. The Court found Defendant's sworn testimony to be truthful.

*Fourth*, nothing in Defendant's nature and background suggests that he has any challenges that would justify permitting him to withdraw his plea. Nor does Defendant assert such challenges now [*See* Doc. 146]. But having observed the Defendant at his change of plea hearing, both the undersigned and Defendant's own then-attorney concluded that Defendant was competent to enter a guilty plea. *Fifth*, Defendant's substantial familiarity with the criminal justice system weighs against allowing him to withdraw his guilty plea at this late juncture. Defendant has a lengthy prior criminal history, with felony convictions for controlled substances and firearm offenses [*See* Doc. 105 ¶¶ 50-57]. He is familiar with the criminal justice system. And he visibly engaged with his counsel during hearings before the Court. *Finally*, the United States need not demonstrate prejudice unless Defendant first establishes a fair and just reason for allowing the withdrawal. *See Williams*, 852 F. App'x at 997; *Spencer*, 836 F.2d at 240. Defendant has not met that burden.

### III. Conclusion

Because Defendant has not demonstrated a "fair and just" reason for requesting withdrawal of his guilty plea, the Court **DENIES** his "Motion to Withdraw Guilty Plea" [Doc. 146]. *See* Fed. R. Crim. P 11(d).

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge