| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-44-KAC-DCP |
| | ) | |
| TERRENCE D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Government's Motion for Access to Sealed Transcript [Doc. 191],[1] filed on February 17, 2026, and referred to the undersigned that same day [Doc. 192]. On April 10, 2025, United States District Judge Katharine Crytzer sentenced Defendant Johnson, who pleaded guilty to conspiracy to distribute five kilograms of cocaine and possession of firearms in furtherance of drug trafficking, to 180 months of imprisonment and five years of supervised release [Doc. 172 pp. 1–3]. Defendant, who represented himself with the assistance of elbow counsel, filed a Notice of Appeal that same day [Doc. 174].[2]

On appeal, Defendant alleges that he received the ineffective assistance of counsel arguing that the appointment and withdrawal of four attorneys and his ultimate self-representation reveals a "systemic failure of the judicial process to provide a functioning advocate," resulting in "the constructive denial of [Defendant's] Sixth Amendment right to counsel" [Case No. 25-5332, Doc.

---

[1]     Unless otherwise stated, all citations are to the docket in case number 3:22-CR-44.

[2]     Defendant is permitted to represent himself on appeal [Doc. 183]. Elbow counsel was permitted to withdraw [*Id*. at 1; *see also* Doc. 179 p. 1].

20 pp. 45–46].[3] In support of this claim, Defendant points to the motion to withdraw by his fourth attorney, who ultimately became elbow counsel, asserting an "incurable ethical impasse" [Case No. 25-5332, Doc. 20 pp. 48, 52]. Defendant asserts no evidentiary hearing is needed to assess this claim but, instead, the record, particularly the motions to withdraw by counsel and Defendant, is "dispositive" of the complete breakdown in the attorney-client relationship [Case No. 25-5332, Doc. 20 pp. 48–49].

The undersigned allowed Defendant's fourth attorney to withdraw and permitted Defendant to represent himself at a hearing on February 25, 2025 [Doc. 154, Minutes]. A portion of this hearing was held ex parte and under seal [*Id*.]. The Government maintains that to meaningfully respond to Defendant's claim that his decision to proceed without counsel was coerced, it requires access to the sealed portion of the February 25, 2025 hearing [Doc. 191 p. 1 (requesting the full transcript of the February 25, 2025 hearing)]. It maintains that Defendant waived any attorney-client privilege for the sealed portion of the hearing by challenging his attorney's effectiveness [*Id*.]. The undersigned ordered Defendant to respond to the Government's motion by March 9, 2026 [Doc. 194], but no response was filed.

"The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance[.]" *In re Lott*, 424 F.3d 446, 452–53 (6th Cir. 2005). Such implied waivers are "construed narrowly." *Id*. at 453. "Litigants cannot hide behind the privilege if they are relying on privileged communications to make their case" or, more simply, cannot use the privilege as 'a shield and a sword.'" *In re United Shore Fin. Servs., LLC*, No. 17–2290, 2018 WL 2283893, at *2 (6th Cir. Jan. 3, 2018) (quoting *In*

---

[3] Defendant also raises Fourth Amendment challenges relating to the District Court's denial of his motion to suppress evidence seized in a traffic stop and search of his garage [Case No. 25-5332, Doc. 20 pp. 19–44].

*re Lott*, 424 F.3d 446, 454 (6th Cir. 2005)). If the defendant puts his communications with counsel at issue by claiming the ineffective assistance of counsel, defendant impliedly waives the attorney-client privilege as to those communications. *Oboh v. United States*, No. 2:23-CV-00164, 2025 WL 77375, at *2 (E.D. Tenn. Jan. 10, 2025) (citing *Strickland v. Washington*, 466 U.S. 668, 691 (1984) (other citation omitted)). Where a defendant seeks to overturn his conviction based upon his claim that his attorneys rendered ineffective representation, "'courts routinely issue orders finding a limited, implied waiver of the attorney-client privilege.'" *Id.* (quoting *United States v. Clark*, No. 1:10-cr-355, 2013 WL 74616, at *1 (W.D. Mich. Jan. 7, 2013) (other citations omitted)).

Here, the attorney-client communications at issue—Defendant's and counsel's statements of the problems within the attorney-client relationship and explanation of the "ethical impasse"—occurred in a sealed, ex parte portion of a hearing [*See* Doc. 155 p. 2]. During the sealed portion of the hearing, "Defendant expressed the desire to represent himself rather than request appointment of substitute counsel," despite the Court having a new attorney present to appoint [*Id.*]. Then, with the hearing unsealed, the Court advised Defendant of the risks and perils of self-representation [*Id.* at 2]. Based upon Defendant's answers to the Court's questions regarding the risks of self-representation and "the discussion during the ex parte portion of the hearing," the undersigned found that Defendant knowingly and voluntarily waived his right to counsel [*Id.* at 2–3].

Due to Defendant's challenge of the effectiveness of counsel and the voluntary nature of his self-representation on appeal, the undersigned finds Defendant impliedly waives the privileged nature of the communications during the sealed, ex parte portion of the February 25, 2025 hearing. This implied waiver is narrowly construed to Defendant's and counsel's communications to the Court during this sealed hearing. Accordingly, the Court **ORDERS** as follows:

3

(1) the Government's Motion for Access to Sealed Transcript [**Doc. 191**] is **GRANTED**;

(2) Counsel for the Government is **ORDERED** to obtain a copy of the transcript of the February 25, 2025 motion hearing on Defendant's representation at its own expense;

(3) The Court **AUTHORIZES** the Government to obtain a transcript of the sealed portion of the February 25, 2025 hearing also at its own expense;

(4) The transcript of the sealed portion of the February 25, 2025 hearing shall remain **UNDER SEAL**;

(5) The Government is **ORDERED** to provide a copy of the transcripts, both sealed and unsealed, of the February 25, 2025 hearing to Defendant; and

(6) The Clerk of Court is **DIRECTED** to mail a copy of this Order to Defendant Johnson at his place of detention.

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge

4